IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JOSEPH LABONTE,** | |
| Plaintiff, | Case No.: 1:21-cv-581 |
| v. | |
| **WAL-MART STORES EAST, LP, and Fictitious Defendants "A," "B," and "C,"** whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

This is an action by Plaintiff, Joseph Labonte, (herein after referred to as "Plaintiff") against Defendant, Wal-Mart Stores East, LP, (herein after referred to as "Defendant") for personal injuries and damages sustained by the Plaintiff as the result of a defective condition on or about July 25, 2020.

### PARTIES, JURISDICTION, VENUE

1. The Plaintiff was a resident and citizen of Houston County, Alabama at all times material to the issues in this case.

2. Defendant is a foreign limited partnership that is registered to do business in the state of Alabama at all times material to the issues in this case.

1

3. Fictitious Defendants "A", "B" and "C" are other persons and/or entities whose wrongful conduct may have caused and/or contributed to the incident that forms the basis of this Complaint but are unknown to Plaintiff at this time.

4. This Court has jurisdiction of the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

5. Defendant is subject to the jurisdiction of this Court and venue is proper in the Middle District pursuant to 28 U.S.C. § 1391(a)(2) as the accident made the basis of this Complaint occurred in Houston County, Alabama.

## APPLICABLE FACTS

6. On or about July 25, 2020, Plaintiff was at the Defendant's location in Houston County, Alabama. Plaintiff was an invitee was upon the premises.

7. At said time and place, Defendant maintained a dangerous condition, specifically a grocery bag on the ground.

8. At said time and place, due to the aforementioned dangerous condition, Plaintiff slipped and was injured.

## COUNT ONE - NEGLIGENCE

9. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

10. At said time and place, Plaintiff slipped when Defendant maintained a dangerous condition with actual or constructive knowledge that Defendant's premises was dangerously maintained and Defendant allowed said condition to be present without warning to the Plaintiff of the presence danger.

11. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

(a). Negligently failed to exercise ordinary care.

(b). Negligently failed to cure a known danger.

(c). Negligently failed to warn Plaintiff of said known danger.

(d). Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

12. The Plaintiff avers that the acts and conduct of the Defendant constitutes common law negligence.

13. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

## COUNT TWO - WANTONESS

14. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

15. At said time and place, Defendant acted in such a wanton manner in creating and maintaining a known dangerous condition and failing to cure or warn invitee of said dangerous condition, so as to

(a). cause injury to Plaintiff due to the dangerous condition, and

(b). cause Plaintiff to undergo doctors appointments and physical therapy appointments, and

(c). cause the Plaintiff to suffer and sustain the injuries and damages.

16. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

(a). Wantonly failed to exercise ordinary care.

(b). Wantonly failed to cure a known defect.

(c). Wantonly failed to warn Plaintiff of said known defect.

(d). Otherwise acted in wanton disregard of the rights and safety of the Plaintiff and others business invitees.

17. The Plaintiff avers that the acts and conduct of the Defendant constitutes wantonness.

18. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

## COUNT THREE – FICTITIOUS DEFENDANTS

19. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

20. Fictitious Defendant "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton, reckless and wrongful conduct contributed to the injuries sustained by the Plaintiff, said Fictitious Defendant names are unknown to Plaintiff at this time, but will be promptly substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to which

Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**JURY DEMANDED AS TO ALL COUNTS OF THE COMPLAINT**

This August 27, 2021.

Respectfully submitted,

*/s/ Carson Hale/*
CARSON S. HALE (ASB-0656-G10K)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 East Magnolia Ave.
Suite 201
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888)-853-2247
chale@slocumblaw.com